UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BOOMCLOUD 360, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG RESEARCH AMERICA, INC.,<br>and SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    Defendants. | Case No.  2:26-cv-00104<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG RESEARCH AMERICA, INC.,
AND SAMSUNG ELECTRONICS AMERICA, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Boomcloud 360, Inc. ("Plaintiff" or "Boomcloud") makes the following allegations against Defendants Samsung Electronics Co., Ltd.., Samsung Research America, Inc., and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung"):

**INTRODUCTION**

1. This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Boomcloud, each of which generally relate to improved audio rendering and spatial audio: United States Patent Nos. 10,511,909 ("'909 Patent") and 10,009,705 ("'705 Patent") (collectively, the "Asserted Patents"). Boomcloud owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Boomcloud is an innovator and pioneer in audio rendering and spatial audio.

1

Boomcloud spent years developing sophisticated solutions for audio rendering and currently holds more than 196 issued patents. Boomcloud's innovative solutions apply to a wide range of devices and enable a more immersive audio experience than traditional solutions. Its solutions and technology have been praised by a number of publications, including, for example:



https://www.boomcloud360.com.

# This Will Make Your iPhone Sound SO Much Better

CHRISTINA BONNINGTON

JANUARY 3, 2016, 5:00 AM

https://www.refinery29.com/en-us/2016/01/100350/boomcloud-boomstick-audio-review#:~:text=The%20Boomstick%20is%20an%20oval,sounds%20noticeably%20better%2C%20and%20louder.

> While Jay-Z (Tidal) and Neil Young (Pono) are advocating for audio fidelity via lossless compression, the BoomStick uses an ingenious approach to improving sound quality. And unlike lossless compression, you can actually hear the difference. The device uses proprietary algorithms to decide which parts of a song it should amplify by tapping into psychoacoustic bass enhancements, sound-field expansion, and high frequency contouring to bring out definition, clarity, and detail in song instrumentation. These algorithms also work to augment the sound in movies, too.

https://www.macworld.com/article/227084/this-gadget-makes-your-cheap-apple-earpods-sound-almost-as-good-as-beats.html.

3.      Boomcloud's novel audio rendering solutions are valuable and have been licensed and implemented by several large companies, including Verizon, Boost Mobile, and Qualcomm. For example, Verizon's implementation of Boomcloud's solution is marketed as "Verizon Adaptive Sound" and has been touted for its exceptional capabilities:

> Play any music, video or a game and Adaptive Sound will optimize the content for your device automatically, according to Verizon. You'll be able to adjust some settings, such as treble, bass, spatial and voice options. You'll have sound profiles to pick from too.

https://www.engadget.com/verizon-adaptive-sound-spatial-audio-motorola-162018575.html.

4.      Qualcomm's implementation of Boomcloud's audio technology won top sound scores in the world:

It is also the first device to have Qualcomm's Snapdragon Sound technology. It provides the original audio quality of a track at 24-bit 96kHz studio-quality audio. This quality is noticeably better than standard compressed audio for Bluetooth A2DP using SBC audio codec that delivers quality at 16-bit 44.1kHz. Seeing as Qualcomm's $1,500 smartphone is bundled with a pair of Master & Dynamic wireless earbuds that support 24-bit 96kHz audio quality priced at $299, Qualcomm Insiders will get to experience this difference. The Master & Dynamic wireless earbuds also support Qualcomm active noise Cancellation, Qualcomm cVc echo cancellation, and noise suppression and are powered by the Qualcomm QCC5141 low power Bluetooth Audio SoC, as though it is made for Qualcomm enthusiasts. The audio quality of the Snapdragon Insider Smartphone also got a DXOMark audio test with a score for Playback of 75 and Recording 81. These scores rank the device as #4 globally and # 1 in the Ultra-Premium Ranking, with its Recording score of 81 being the highest ranked. There will be a DXOMark Score for the camera later this month.

https://moorinsightsstrategy.com/why-i-have-to-state-the-obvious-the-snapdragon-insider-smartphone-was-made-for-insiders/.

## NOTICE OF THE ASSERTED PATENTS

5.      The patented technologies which are the subject of this lawsuit are well known to the Defendants.

6.      Samsung interacted with Boomcloud numerous times regarding a potential license to Boomcloud's patented audio solutions.

7.      In April of 2017, Boomcloud entered into an NDA with Samsung.

8.      Under that NDA, Boomcloud and Samsung engaged in technical demonstrations and discussed implementing Boomcloud's patented technological solutions to improve Samsung's devices. Over the next several years, Boomcloud and Samsung continued sharing confidential information under NDA, discussing how Boomcloud's unique and unconventional technological solutions would provide Samsung and its customers with an improved user experience on Samsung devices.

9.      Despite extensive communication, technical demonstrations, and multiple NDAs, no licensing agreement was reached. Rather than obtain a license to use Boomcloud's technology, Samsung instead chose to infringe upon the inventions claimed in Boomcloud's patents, as described in further detail herein.

**PARTIES**

10.     Boomcloud 360, Inc. is a corporation organized and existing under the laws of Delaware and has a place of business at 687 South Coast Hwy 101, Suite # 311, Encinitas, CA 92024.

11.     On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

12.     On information and belief, Defendant Samsung Research America, Inc. ("SRA") is a corporation organized under the laws of the State of California, with its principal place of business at 665 Clyde Avenue, Mountain View, CA 94043 and with an office located at 6105 Tennyson Pkwy, Plano, TX 75024.  SRA is a wholly-owned subsidiary of SEC and engages in the research and product development of certain Samsung consumer electronics products, including the Accused Products, in the United States.

13.     On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office located at 6625 Excellence Way, Plano, Texas 75023. SEA is a wholly-owned subsidiary of SEC and sells and distributes certain Samsung consumer electronics products, including the Accused Products, in the United States.

**JURISDICTION AND VENUE**

14.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents, and inducing others to do the same.

16.     Samsung, directly and/or through subsidiaries or intermediaries, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

17.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).   On information and belief, Samsung has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

18.     SEC is a foreign corporation, and venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). SRA and SEA have committed and continue to commit acts of infringement in this District, and have regular and established places of business in this District, including as set forth above.

19.     Further, Samsung has admitted or not contested proper venue in this District in other patent infringement actions. Samsung has also asserted its own patents in this District. *E.g.*, *Samsung Elecs. Co. Ltd. & Samsung Elecs. Am., Inc. v. Oura Health Oy*, No. 2:25-cv-01181, Dkt.

1 (E.D. Tex. Dec. 1, 2025).

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 10,511,909

20.    Boomcloud realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21.    Boomcloud owns all rights, title, and interest in U.S. Patent No. 10,511,909 ('909 Patent), titled "Crosstalk Cancellation for Opposite-Facing Transaural Loudspeaker Systems." The '909 Patent was duly and legally issued by the United States Patent and Trademark Office on December 17, 2019. A true and correct copy of the '909 Patent is attached as **Exhibit 1.**

22.    On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports Electronic devices including the Galaxy Z Series: Z Fold 2, Z Fold 3, Z Fold 4, Z Fold 5, Z Fold 6 models; the Galaxy Tab S6, Galaxy Tab S6 Lite, Galaxy Tab S7, Galaxy Tab S7fe, Galaxy Tab S8, Galaxy Tab S9, Galaxy Tab S10 FE Series, Galaxy Tab S10 Series, Galaxy Tab S10 FE, Galaxy Tab S11, Galaxy Tab S10 Lite, Galaxy Tab A7, Galaxy Tab A8, Galaxy Tab A9 models ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, claims of the '909 Patent. Samsung also, prior to sale, engages in development, testing, and certification of certain products within the United States, including infringing use of the Accused Products.

23.    The Accused Products satisfy all claim limitations of one or more claims of the '909 Patent, including claim 15. A claim chart comparing independent claim 15 of the '909 Patent to a representative Accused Product, is attached as **Exhibit 2**, which is hereby incorporated by reference in its entirety.

24.    Samsung also knowingly and intentionally induces infringement of one or more

claims of the '909 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Samsung has had knowledge of the '909 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '909 Patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '909 Patent (for example, through user manuals and instruction materials on its website). Samsung does so knowing and intending that these companies and their customers will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '909 Patent, thereby specifically intending for and inducing its customers to infringe the '909 Patent through the customers' normal and customary use of the Accused Products.

25.    Samsung has also infringed, and continues to infringe, claims of the '909 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Samsung knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use. Accordingly, Samsung has been, and currently is, contributorily infringing the '909 Patent, in violation of 35 U.S.C. § 271(c).

26.    Samsung's infringement of the '909 Patent has been willful. Samsung had pre-suit knowledge of the Asserted Patents and their relevance to Samsung's spatial-audio implementations through licensing discussions with Boomcloud and nevertheless infringes in conscious disregard of Boomcloud's patent rights.

27.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Boomcloud and is liable for infringement of the '909 Patent pursuant to 35 U.S.C. § 271.

28.     As a result of Samsung's infringement of the '909 Patent, Boomcloud is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

29.     Samsung's infringing activities have injured and will continue to injure Boomcloud, unless and until this Court enters an injunction prohibiting further infringement of the '909 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

30.     Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '909 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '909 Patent. Boomcloud is therefore entitled to enhanced damages.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 10,009,705

31.     Boomcloud realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32.     Boomcloud owns all rights, title, and interest in U.S. Patent No. 10,009,705 ("'705 Patent"), titled "Audio Enhancement For Head-Mounted Speakers." The '705 Patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 2018. A true and correct copy of the '705 Patent is attached as **Exhibit 3.**

33.    On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products that incorporate subband spatial enhancement and crosstalk simulation functionalities ("Accused Products"), including without limitation, Electronic devices including the Galaxy S Series: S10, S10 5G, S10 Lite, S10e, S20, S20 5G, S20 FE, S20 FE 5G, S20 Ultra, S20 Ultra 5G, S20+, S21, S21 5G, S21 FE, S21 FE 5G, S21 Ultra, S21 Ultra 5G, S21+, S21+ 5G, S22, S22 Ultra, S22 5G, S22+, S22+ 5G, S23, S23+, S23 5G, S23 Ultra, S24, S24 Ultra, S24+, S25, S25 Ultra, S25+ models; Galaxy Note Series: Note 10, Note 10+, Note 10+ 5G, Note 20, Note 20 Ultra 5G; Galaxy A Series: A52, A52 5G, A53 5G, A54 5G, A55 5G; Galaxy Z Series: Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Z Fold 2, Z Fold 3, Z Fold 4, Z Fold 5, Z Fold 6 models; and/or audio accessories including: Galaxy Buds3 Pro, Buds3, Buds2, Buds2 Pro, Buds Pro, Buds3 FE, and Buds Live ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, claims of the '705 Patent. Samsung also, prior to sale, engages in development, testing, and certification of certain products within the United States, including infringing use of the Accused Products.

34.    The Accused Products satisfy all claim limitations of one or more claims of the '705 Patent, including claim 1. A claim chart comparing independent claim 1 of the '705 Patent to a representative Accused Product, is attached as **Exhibit 4**, which is hereby incorporated by reference in its entirety.

35.    Samsung also knowingly and intentionally induces infringement of one or more claims of the '705 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Samsung has had knowledge of the '705 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '705 Patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively

encourage and instruct customers and other companies to make, use, sell, import, and offer for sale

the Accused Products in ways that directly infringe the '705 Patent (for example, through user

manuals and instruction materials on its website). Samsung does so knowing and intending that

these companies and their customers will commit these infringing acts. Samsung also continues to

make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of

the '705 Patent, thereby specifically intending for and inducing its customers to infringe the '705

Patent through the customers' normal and customary use of the Accused Products.

36.     Samsung has also infringed, and continues to infringe, claims of the '705 Patent by

offering to commercially distribute, commercially distributing, making, and/or importing the

Accused Products, which are used in practicing the process, or using the systems, of the patent,

and constitute a material part of the invention. Samsung knows the components in the Accused

Products to be especially made or especially adapted for use in infringement of the patent, not a

staple article, and not a commodity of commerce suitable for substantial non-infringing use.

Accordingly, Samsung has been, and currently is, contributorily infringing the '705 patent, in

violation of 35 U.S.C. § 271(c).

37.     Samsung's infringement of the '705 Patent has been willful. Samsung had pre-suit

knowledge of the Asserted Patents and their relevance to Samsung's spatial-audio implementations

through licensing discussions with Boomcloud and nevertheless infringes in conscious disregard

of Boomcloud's patent rights.

38.     By making, using, offering for sale, selling and/or importing into the United States

the Accused Products, Samsung has injured Boomcloud and is liable for infringement of the '705

Patent pursuant to 35 U.S.C. § 271.

39.     As a result of Samsung's infringement of the '705 Patent, Boomcloud is entitled to

monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

40.     Samsung's infringing activities have injured and will continue to injure Boomcloud, unless and until this Court enters an injunction prohibiting further infringement of the '705 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

41.     Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '705 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '705 Patent. Boomcloud is therefore entitled to enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Boomcloud respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b.      A judgment in favor of Plaintiff that Defendants have willfully infringed the '909 and '705 Patents;

c.      A permanent injunction prohibiting Defendants from further acts of infringement of each of the '909 and '705 Patents;

d.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of each of the Asserted Patents (including enhanced damages for willful infringement);

e.      A judgment and order requiring Defendants to provide an accounting and to pay

supplemental damages to Plaintiff, including without limitation, pre-judgment and

post-judgment interest;

f.      A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against

Defendants; and

g.      Any and all other relief as the Court may deem appropriate and just under the

circumstances.

## DEMAND FOR JURY TRIAL

Boomcloud, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury

of any issues so triable by right.

Dated: February 12, 2026                          Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
James N. Pickens (CA SBN 307474)
jpickens@raklaw.com
Jason M. Wietholter (CA SBN 337139)
jwietholter@raklaw.com
Kristopher Davis (CA SBN 329627)
kdavis@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jefferson Cummings (DC SBN 90027452)
jcummings@raklaw.com
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiff Boomcloud 360, Inc.*